# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL MELENDEZ MEZA,<br><br>Plaintiff<br><br>v.<br><br>NANCY A. BERRYHILL,[1] Acting Commissioner of Social Security,<br><br>Defendant. | **CASE NO. 5:16-cv-01286-KS**<br><br>**MEMORANDUM OPINION AND ORDER** |

## INTRODUCTION

On June 16, 2016, Plaintiff, Miguel Melendez Meza ("Plaintiff"), filed a Complaint seeking judicial review of a denial of his application for a period of disability, disability insurance benefits and supplemental security income (together "benefits"). (Complaint, ECF No. 1.) On July 19, 2016 the parties consented, pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned United States Magistrate Judge. (Consents, ECF Nos. 10, 12.) On March 16, 2017, the parties filed a Joint Stipulation, whereby Plaintiff seeks an order reversing the Commissioner's decision and awarding benefits, or in the alternative remanding the

---

[1] The Court notes that Nancy A. Berryhill is now the Acting Commissioner of the Social Security Administration. Accordingly, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court orders that the caption be amended to substitute Nancy A. Berryhill for Carolyn Colvin as the defendant in this action.

matter for further administrative proceedings; and Defendant seeks an order affirming the Commissioner's decision. (Joint Stip., ECF No. 19). The Court has taken the Joint Stipulation under submission without oral argument.

**SUMMARY OF ADMINISTRATIVE PROCEEDINGS**

On March 14, 2012, Plaintiff filed an application for benefits, alleging disability beginning July 29, 2009. (Administrative Record ("A.R.") 266-74.) Plaintiff's claim was denied initially on December 28, 2012 and upon reconsideration on October 3, 2013. (A.R. 135-39; 144-49.) On October 16, 2013, Plaintiff requested a hearing, which was held on September 5, 2014. (A.R. 159-60, 43-67.) Administrative Law Judge Michael D. Radensky ("ALJ") presided over the hearing which included testimony by an impartial vocational expert ("VE") and Plaintiff who was represented by a non-attorney and aided by a Spanish interpreter. (A.R. 29.) Born on September 10, 1957, Plaintiff was about to turn 57, the week after his hearing.[2] (A.R. 48; 266.) In a written decision dated November 7, 2014, the ALJ denied benefits. (A.R. 23-38.) On April 13, 2016, the Appeals Council denied Plaintiff's request for review of that decision. (A.R. 1-6.) Plaintiff then filed this civil action.

**SUMMARY OF ADMINISTRATIVE DECISION**

The ALJ utilized the five-step sequential evaluation process to determine whether Plaintiff was disabled. 20 C.F.R. § 416.920. At the first step, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act ("SSA"). (A.R. 31.) At the second step, the ALJ found that although Plaintiff had

---

[2] At the time of his hearing, Plaintiff was 56 years old, within the classification of "[p]erson of advanced age" *i.e.* those persons aged 55 or older, because age is considered to significantly affect a person's vocational ability to adjust to other work. 20 C.F.R. § 404.1563(e).

2

"worked" after the alleged disability onset date, he had not engaged in anything that amounted to substantial gainful activity since that date. (A.R. 31.) At the third step, the ALJ found that Plaintiff suffered from severe, and medically determinable, impairments consisting of a history of left knee impairment, history of left knee arthroscopy, back pain, degenerative changes of the right knee, history of prostate cancer treated without recurrence, and hearing impairment. (A.R. 31.)

At the fourth step, the ALJ applied the guidelines contained in 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526, and found that the severity of Plaintiff's impairments did not meet or "equal" the criteria contained in the appropriate listings 1.00, 2.00, 13.00, and all other relevant listings contained in 20 C.F.R., Part 404, Subpart P, Appendix 1. (A.R. 33.)

At the fifth step, the ALJ determined that Plaintiff had a residual functional capacity ("RFC") to perform medium work with the following nonexertional limitations:

> [Plaintiff] can frequently perform postural activities and must avoid work situations that require acute, precise, detailed hearing or where hearing is necessary to avoid hazardous situations. In addition, [Plaintiff] must avoid concentrated exposure to excessive noise levels.

(A.R. 33.)

In making the RFC assessment, the ALJ considered evidence of Plaintiff's daily activities as reflected in his own Function Report and his stepdaughter's Third Party Function Report, Plaintiff's hearing testimony, objective clinical and diagnostic findings since the alleged onset date (including treatment record, progress

3

notes, MRI results from December 2009, radiology reports from June 2013 and September 2013, colonoscopy results from May 2014, and objective results of auditory testing in September 2012. (A.R. 33-37.) The ALJ also considered medical opinions from: qualified medical examiners, Dr. Louis Dean, M.D. and Dr. Khalid A. Ahmed (who were both involved in Plaintiff's worker's compensation claim), consultative examining audiologist Dr. William W. Goral, M.D., consultative examiner orthopedist, Dr. Vicente R. Bernabe, D.O., and consultative examiner internist, Dr. Seung Ha Lim, M.D. (A.R. 33-36.)

Presented with the above referenced limitations, the VE testified that Plaintiff could perform his past relevant work of door installer, a medium, semiskilled occupation classified under Dictionary of Occupational Titles ("DOT") 809.684-030, as actually and generally performed. (A.R. 37-38.)

The ALJ noted that the VE's testimony was consistent with the information contained in the DOT. (A.R. 38.) Accepting that testimony, the ALJ found that Plaintiff could perform his past relevant work as actually performed and as generally performed in the regional and national economy and thereby concluded that Plaintiff "is not disabled under section 1614(a)(3)(A) of the Social Security Act." (*Id.*)

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522-23 (9th Cir.

2014) (internal quotation marks and citations omitted). "Even when the evidence is susceptible to more than one rational interpretation, [reviewing courts] uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). The Court will also not reverse the Commissioner's decision "[w]here evidence is susceptible to more than one rational interpretation," even if it were to disagree with the ALJ's conclusions. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

Where the ALJ has properly considered all of the limitations for which there is record support, the ALJ's RFC determination will not be overturned so long as the ALJ applied the correct legal standard and the RFC assessment is supported by substantial evidence. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). Although this Court cannot substitute its discretion for that of the ALJ, it must nonetheless review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (internal quotation marks and citation omitted). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Court may review only the reasons stated by the ALJ in her decision "and may not affirm the ALJ on a ground upon which [s]he did not rely." *Orn*, 495 F.3d at 630; *see also Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003). However, the Court will not reverse the Commissioner's decision if it is based on harmless error, which exists when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination'" or if despite the legal error, 'the agency's path may reasonably be discerned.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006) (quoting *Stout v. Comm'r of Soc. Sec.*,

454 F.3d 1050, 1055 (9th Cir. 2006)); *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (internal citations omitted).

Courts must "remand for further proceedings when . . . an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014); *see also Burrell v. Colvin*, 775 F.3d 1133, 1140-42 (9th Cir. 2014).

**DISCUSSION**

Plaintiff challenges the ALJ's decision on the basis that: in making the RFC assessment, the ALJ committed harmful legal error in evaluating the opinion of examining physician, Dr. Louis Dean, M.D. and improperly determined that Plaintiff could perform his past relevant work. (Joint Stip. at 4.) For the following reasons, the Court finds that the ALJ failed to satisfy his obligation to resolve ambiguities and to articulate legally sufficient reasons for discounting Dr. Dean's medical source opinion and remands for further proceedings.

**I.**     **Applicable Law**

"The ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). In doing so, the ALJ must articulate a "substantive basis" for rejecting a medical opinion or crediting one medical opinion over another. *Garrison*, 759 F.3d at 1012; *see also Marsh v. Colvin*, 792 F.3d 1170, 1172-73 (9th Cir. 2015) ("an ALJ cannot in its decision totally ignore a treating doctor and his or her notes, without even mentioning them"). An ALJ errs when he discounts a treating or examining physician's medical opinion, or a portion thereof, "while doing nothing more than

ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *See Garrison*, 759 F.3d at 1012-13 (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)).

## II. The ALJ's evaluation of the opinion of examining physician, Dr. Louis Dean, M.D.

Here, the ALJ afforded great weight to the opinion of Dr. Dean because he examined Plaintiff and conducted objective testing. (A.R. 36.) However, Plaintiff argues that the ALJ misevaluated Dr. Dean's report and opinions by ignoring revisions that Dr. Dean had made to his own opinions between April 7, 2011 and January 16, 2012. (Joint Stip. at 18-19.) For instance, at the latter evaluation, Dr. Dean added that Plaintiff was precluded from prolonged weight-bearing and could not perform his usual and customary duties. (*Id. citing* A.R. 35 *and comparing* A.R. 403 *with* 387.) Plaintiff argues that in failing to reconcile the change in Dr. Dean's opinions, the ALJ did not meet his burden of articulation in providing specific and legitimate reasons to reject an examining physician's opinion based on substantial evidence in the record. (*Id. citing Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995).)

Based on this Court's review, the record contains three written reports from Dr. Dean. (A.R. 380-404.) The first report is dated April 25, 2011 and states the following work restriction: Plaintiff "can return to his usual and customary duties. He should avoid very heavy lifting and repetitive squatting." (A.R. 403.) However, it appears that Dr. Dean did not have Plaintiff's medical records including an operative report for Plaintiff's left knee, at the time of this evaluation. (*Id.* ("Impairment rating cannot be properly discussed without a review of the medical

7

records."); *see also id.* at 383.)

Dr. Dean's second written report is dated June 3, 2011 and states that he had received Plaintiff's medical records for evaluation but had still not received the operative report for Plaintiff's left knee. (A.R. 389.) Stating that an impairment rating for the left knee cannot be properly discussed without the operative report, Dr. Dean issued the following work restriction: "For the lumbar spine, I would recommend preclusion from very heavy lifting activities." (A.R. 396.)

Dr. Dean's third written report is dated January 16, 2012, and was prepared after Dr. Dean had the opportunity to review both Plaintiff's medical records and the operative report which he references in the report. (A.R. 383-84.) With respect to work restrictions, the report stated that Dr. Dean's "opinions regarding the need for work restrictions for the lumbar spine remain unchanged," that the doctor "would continue to recommendation [sic] a preclusion from very heavy lifting activities," *and given Plaintiff's postoperative status on his left knee, "a preclusion from prolonged weightbearing, as well as repetitive kneeling or squatting activities would be appropriate."* (A.R. 387 (emphasis added).)

In assessing the residual functional capacity, the ALJ gave great weight to Dr. Dean's opinion which indicated that Plaintiff "should avoid very heavy lifting and repetitive squatting." (A.R. 36 *citing* A.R. 380-404.) However, the ALJ did not reference the additional limitation pertaining to a preclusion from prolonged weightbearing, and repetitive kneeling, which Dr. Dean included for the first time in his third report.

Plaintiff concedes that the ALJ did refer to Dr. Dean's report(s), but argues that he did not give specific and legitimate reasons for rejecting the medical source

statement that Plaintiff "is precluded from prolonged weight-bearing," because the ALJ did not reference this additional limitation at all. (Joint Stip. at 23.) According to Plaintiff, the assessed preclusion from prolonged weight-bearing "effectively eliminates the ability to perform light and medium work," (bearing in mind that Plaintiff's past relevant work falls in the "medium" category) and the resulting limitation to sedentary work would warrant a finding of disability. (Joint Stip. at 18.) Underlying this argument is the inference that prolonged weight-bearing impacts Plaintiff's ability to walk and stand for prolonged periods, which in turn impacts his ability to perform medium and light work. (Joint Stip. at 17.) Defendant rejects such an inference because "Dr. Dean did not specify that the weightbearing restriction would preclude prolonged standing or walking." (Joint Stip. at 19.) Defendant further suggests that Dr. Dean's conclusion would be contrary to such an inference. (*Id.*)

Although Dr. Dean's weightbearing restriction does not *explicitly* reference standing and walking it is not clear whether the omission was deliberate, or whether the omission has an impact in this case. Defendant argues against correlating the weightbearing restriction with standing or walking; however, this Court has previously rejected an ALJ's conclusion that a plaintiff who was precluded against prolonged weight-bearing could perform light work which required standing or walking for six hours in an eight-hour day. *Jenkins v. Astrue*, 628 F. Supp. 2d 1140, 1149 (C.D. Cal. May 28, 2009). In its analysis, the Court equated prolonged weight-bearing with prolonged standing or walking. *Id*. ("A preclusion against 'prolonged weight-bearing' (that is, prolonged standing or walking) is not . . . consistent with the ability to perform the full range of light work, which requires standing or walking for six hours in an eight-hour day.") *See also Esparza v. Astrue*, No. EDCV 10-0929-DTB, 2011 U.S. Dist. LEXIS 122818, **8-9 (C.D. Cal. Oct. 24, 2011) ("Prolonged weight bearing activities can be equated to prolonged

9

standing or walking."); *Nguyen v. Berryhill*, No. 3:16-cv-00748-LB, 2017 U.S. Dist. LEXIS 50837, **4-5 (N.D. Cal. Mar. 31, 2017) (listing standing and walking as examples of prolonged or continuous weight-bearing activities); *Garza v. Colvin*, No. CV 12-00772 AJW, 2013 U.S. Dist. LEXIS 121265, *5 (C.D. Cal. Aug. 26, 2013) (describing prolonged "weight-bearing," as a term that subsumes both standing and walking). *But see Al-Khalili v. Colvin*, No. 3:12-cv-00347, 2015 U.S. Dist. LEXIS 14835, *7 (M.D. Tenn. Feb. 4, 2015) (treating "weight-bearing" requirements separately from "standing and walking requirements" pursuant to 20 C.F.R § 404.1567.) If the terminology at issue arises from workers' compensation law, "the ALJ's decision need not contain an explicit 'translation,' [but] it should at least indicate that the ALJ recognized the differences between the relevant state workers' compensation terminology, on the one hand, and the relevant Social Security disability terminology, on the other hand, and took those differences into account in evaluating the medical evidence.'" *Booth v. Barnhart*, 181 F. Supp. 2d 1099, 1105 (C.D. Cal. 2002). At best, the meaning of "prolonged weightbearing" in this case presents an ambiguity. In such an instance, the ALJ is required to inquire further or otherwise resolve that ambiguity. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) ("Ambiguous evidence . . . triggers the ALJ's duty to 'conduct an appropriate inquiry.'").

To the extent a limitation against prolonged weight bearing *does* implicate prolonged standing and walking, such a limitation is facially inconsistent with the ALJ's finding in this case that Plaintiff can perform his past relevant work which requires prolonged standing and walking. (*See* A.R. 64-65.) At the administrative hearing, the ALJ asked the VE whether an individual of advanced age with Plaintiff's education and language background who was "limited to medium work as defined in the regulations with frequent postural activities but [avoiding] work situations requiring acute, precise detailed hearing. . . concentrated exposure to

excessive noise," could perform Plaintiff's past relevant work. (A.R. 64.) The VE responded "I think just the door installer." (*Id*.) The ALJ next confirmed that if the hypothetical individual "was limited to light work, otherwise [having] the same limits," that would preclude the past work, including the work of door installer. (*Id*.)

Courts have held that "medium work generally requires standing and walking six hours in an eighth-our [sic] day." *Jenkins-Hampton v. Colvin*, No. CV 13-6074-JPR, 2014 U.S. Dist. LEXIS 139745, \*\*16-17 (C.D. Cal. Sept. 30, 2014) (citing SSR 83-10) ("full range of medium work requires standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday"). "[L]ight work requires 'a good deal of walking or standing' and generally more than the two hours required by sedentary work." *Id*.

Although the ALJ disclaimed portions of Dr. Dean's opinion that Plaintiff was "temporarily totally disabled" and/or "permanent and stationary" (A.R. 36) there is no indication that the ALJ intended to reject the portion of Dr. Dean's evaluation concerning weight bearing restrictions. Even if the ALJ intended to reject that portion of Dr. Dean's evaluation, he has not provided the requisite specific and legitimate reasons to support such a rejection. *Lester*, 81 F.3d at 830-31. For example, if Defendant is correct that a preclusion from prolonged standing and walking would be inconsistent with Plaintiff's medical record, the ALJ is obligated to explain why. *See Tonapetyan*, 242 F.3d at 1149 (ALJ is not required to give great weight to conclusions in medical opinions that were inconsistent with the other evidence of record however, the ALJ must give reasons for how he assigns weight to such an opinion).

It is inappropriate for this Court to deduce the ALJ's intention—to implicitly

11

reject the portion of Dr. Dean's opinion that related Plaintiff's capacity for prolonged weightbearing—through scattered statements in the ALJ's decision or in the record, that could possibly contradict Dr. Dean's opinion. *See Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) (finding that attempts to "salvage" an ALJ's decision fail because courts are required "to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking.")

Here, the ALJ's decision contains the statement that another doctor (Dr. Bernabe) opined that Plaintiff "could stand and walk for six hours out of an eight-hour day. . ."[3] (A.R. 36.) Subsequently, the ALJ's decision states "The opinions of all of these physicians [including Drs. Bernabe and Dean] are generally consistent in that they all assess [Plaintiff] as being able to perform work at the minimum of the medium exertional level." (A.R. 36.) As noted, the ALJ's decision also states that he is rejecting Dr. Dean's opinion that Plaintiff was "temporarily totally disabled" and/or "permanent and stationary" because those phrases are specific and unique to workers' compensation law that is not probative in the social security context. (A.R. 36.) Lastly, the ALJ's decision includes the statement that "although [Plaintiff] reported that he had weakness of the left knee, medical records indicated that there was no evidence of instability of the knee." (A.R. 34.)

None of these statements in the ALJ's decision, however, constitute proper "rejections" of Dr. Dean's opinion that Plaintiff is precluded from prolonged

---

[3] Specifically, Dr. Bernabe opined in a report dated October 10, 2012, that an inspection of Plaintiff's knees was "unrevealing," that his range of motion "was full and painless" with a functional assessment that he could "lift and carry 50 pounds occasionally and 25 pound frequently" and "walk and stand six hours out of an eight-hour day." (A.R. 378-79.) Additionally, the administrative record contains a functional assessment by Dr. Seung Ha Lim dated September 4, 2013who opined that Plaintiff "is restricted to standing and/or walking about 6 hours in an eight-hour workday with appropriate breaks…would be able to lift and/or carry 50 pounds occasionally and 25 pounds frequently." (A.R. 437.)

12

weightbearing.  Because the ALJ was ultimately required to do more, Defendant's argument is unpersuasive.

The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists if the error is "'inconsequential to the ultimate nondisability determination,' or if despite the legal error, 'the agency's path may reasonably be discerned.'" *Brown-Hunter*, 806 F.3d at 492 (internal citations omitted). Although most of Plaintiff's medical records concern problems with hearing and prostate cancer (*see generally*, A.R. 357-550), the question of whether Plaintiff is precluded from prolonged standing and walking is dispositive to the issue of whether Plaintiff can perform his past relevant work.  Therefore, the ALJ's failure to address this issue is not harmless.

### **Remand Is Appropriate to Resolve Ambiguities.**

In certain, narrow circumstances, the Ninth Circuit permits courts to credit evidence as "true" and award benefits based on that evidence if it finds that the agency did not properly evaluate that evidence in the first instance. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1102 (9th Cir. 2014). "Administrative proceedings are generally useful where the record has not been fully developed, there is a need to resolve conflicts and ambiguities, or the presentation of further evidence may well prove enlightening in light of the passage of time."  *Id*. at 1101 (internal quotation marks, citations, brackets, and ellipsis omitted)).  Here, there is a need to resolve the ambiguity in Dr. Dean's medical source opinion, therefore remand is appropriate.

**III.    The ALJ's Determination that Plaintiff Could Perform his Past Relevant Work.**

13

Plaintiff raises three arguments challenging the ALJ's determination. First, the ALJ's determination that Plaintiff could perform his past relevant work as "door installer" is inconsistent with the ALJ's prior determination that the job of "door installer" while classified as "work" did not rise to the level of substantial gainful activity. (Joint Stip. at 5.) Second, the ALJ improperly classified Plaintiff's past relevant work—which was "hybrid" in nature—according to the least demanding function of that past work. (*Id*. at 5-6.) Third, there is either a conflict or ambiguity between the VE's testimony that Plaintiff could perform his past relevant work as actually or generally performed given that the DOT classifies door installer as Noise Level 4, *i.e.* Loud and the ALJ determined that Plaintiff must avoid concentrated exposure to excessive noise levels. (*Id*. at 8.)

Because this matter must be remanded to the ALJ for reconsideration of Dr. Dean's opinion with respect to Plaintiff's limitations on weight bearing (and repetitive kneeling) the outcome of which could obviate any consideration of Plaintiff's past work, the Court declines to reach the merits of Plaintiff's contentions concerning his past relevant work and its role in the ALJ's RFC determination.

However, on remand, the ALJ should ensure that his analysis at steps two and four of the sequential analysis complies with the applicable legal standards. To that effect, he must resolve any ambiguities or conflicts in the classification of Plaintiff's past work and the VE's testimony. He must also provide specific and legitimate reasons supported by substantial evidence for discounting any portion of Dr. Dean's opinion, *see Garrison*, 759 F.3d at 1012. Further, to the extent that the record is ambiguous or inadequate to allow for a proper evaluation of the medical opinions in evidence, the ALJ has a duty to conduct appropriate inquiry, such as soliciting additional evidence or re-contacting a medical source for clarification. *See Tonapetyan*, 242 F.3d at 1150.

## CONCLUSION

For the reasons stated above, IT IS ORDERED that the decision of the Commissioner is REMANDED for reconsideration.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for plaintiff and for defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: August 4, 2017

_____
KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE